DAVID HAZZARD (of Joseph) *vs.* JOHN H. BURTON.

A purchaser of goods at sheriff's sale, may maintain replevin for them after a demand and refusal to give them up.

It is not legal for a sheriff to sell goods not present; but the right of the purchaser of goods so sold, is good unless the sale be set aside.

REPLEVIN for a pair of oxen; cattle, sheep, &c. The goods replevied and delivered to plaintiff. Pleas, non cepit, and property in Polly Burton.

The property in question was sold at public sale by the sheriff as the property of this defendant, who disclaimed at the sale any right to it. It was there claimed by his mother, Polly Burton, who lived with him. The plaintiff, who was an execution creditor of the son, bought the property, and demanded it of the defendant, who refused to deliver it up. Much of the property was sold without being seen, having been run off by defendant, or his mother, both of whom forbid the sale.

*Mr. Cullen* moved a nonsuit, on the ground that there was no proof of a tortious taking. The property never was in possession of the plaintiff. He bought it at the sale as the property of the defendant, but the possession was never delivered to him. For such a case the action of replevin will not lie.

Replevin only lies upon a tortious taking; it will not lie where the caption was lawful. The narr. states that the defendant unjustly *took* the property of plaintiff, and held the same until, &c. The plea is non cepit, which puts in issue the taking. (1 *Chitt. Plead.* 119, [159 ;] 13 *Com. L. Rep.* 443 ; 7 *Johns. Rep.* 140 ; 1 *Wend. Rep.* 109 ; 15 *Johns. Rep.* 401 ; 14 *Ib.* 84 ; 10 *Ib.* 369 ; *Chitty Prec.* 590 ; 2 *Selw. N. P.* 896, *n.*) The demand by a person having a right to goods and a refusal, would be sufficient in the action of trover and conversion ; but in replevin, the plaintiff must show himself to have had actual possession to sustain his allegation of a wrongful taking. Replevin will only lie where trespass will lie.

*Ridgely* and *Houston* contra, cited 2 *Saund. Pl. & Evid.* 760 ; 7 *Johns. Rep.* 143 ; 2 *Leigh. N. P.* 1325 ; 1 *Dallas' Rep.* 157 ; 6 *Binn.* 2 ; 3 *Serg. & R.* 562 ; 16 *Ibid* 300 ; 5 *Mass. Rep.* 284 ; 15 *Ibid* 359 ; 16 *Ib.* 147.

*The Court.*—The property in this case was bought by plaintiff at sheriff's sale as the property of defendant. On the sheriff's levy he had a sufficient property and right of possession to maintain trespass or

replevin against any one taking it unlawfully.   On a sale by the sheriff the purchaser acquires an equal right of property and right of possession, and it is in proof that after the sale there was a demand and refusal by defendant to give the property up.   That it was then or afterwards in defendant's possession is sufficiently proved by the officer who executed the replevin, and found the goods in defendant's hands.

Wherever there is a general property and right of immediate possession it draws to it the possession, and the party may maintain trespass or replevin.   (2 *Saund. Plead. & Ev.* 760; 10 *Mod.* 25; 7 *T. R.* 9 ; *Roscoe Evid.* 377; 2 *Blackford Rep.* 172.)

Nonsuit refused :—(See post *Johnson* vs. *Johnson.*)

*Mr. Cullen* now made the point that the sale was unlawful, the property not being present, and being sold in large parcels.   The sheriff has no right to sell property not in his actual possession.   (14 *Johns. Rep.* 352, 222; 1 *Johns. Cases* 287.)

*Ridgely.*—The objection now taken is, that the sheriff's sale was irregular; but it has been decided by this court, that such an objection does not affect a purchaser, but must be tried in an application to set the sale aside.   (2 *Harr. Rep.* 463, *Williams* vs. *Hickman.*) The New York cases are not applicable to our practice.   There as in England, the sheriff on levying, seizes the goods and takes possession of them; here he never does so.   They are left with the defendant in the execution, and if his putting them out of the way will prevent a sale, we shall never have any more sales.

In this case the property was sold without producing it, because the defendant himself prevented its production; and if the property did not bring its full value, it is the fault of the defendant himself.

*The Court.*—It is not a proper mode for the sheriff to sell property without having it present, nor to sell it in large parcels where it will admit of a different mode of sale; and the court would set aside such a sale for irregularity.   But as to purchasers it would be a more dangerous rule to hold that their title is to be affected by any irregularity, than to hold that even such a sale as this conveys a title to the purchaser.   For if purchasers are held to proof of the regularity of the sale, all property will be sacrificed at sheriff's sale for fear of buying a law suit; but if property in a particular instance is sacrificed because it is not produced, the loss will generally, as in this case, fall on the defendant, who has run it off, the practice in our state being to leave the property with the defendant after levy.   To hold

such a sale void as to purchasers, would be either to change this ancient and mild practice, and oblige sheriffs to seize and carry away goods levied on, or it would put it in the power of a defendant always to prevent a sale by running off the property. We affirm, therefore, the decision of this court in *Williams* vs. *Hickman,* by holding the sale in the present case not illegal as it respects a purchaser of the property, though it was extremely irregular. Yet that irregularity and the consequent sacrifice of the property was produced by the defendant himself, and he ought not to complain of it.